**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERT BURKLEY, | No. 20-55205 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-00424-VAP-RNB |
| v. | |
| FRANCISCO JACQUEZ, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

California state prisoner Albert Burkley appeals pro se from the district court's order declaring him a vexatious litigant and requiring pre-filing review. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

The magistrate judge recommended that Burkley be barred from "filing any

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

additional petitions, complaints, motions, or claims challenging the 1997 criminal convictions and sentence."  The district judge's order, however, is not limited to actions challenging Burkley's 1997 conviction and sentence; rather, it applies, without qualification, to "any complaint, petition for writ of habeas corpus, or motion for rehearing or relief from judgment in the United States District Court for the Central District of California."  District courts must tailor a vexatious litigant order "narrowly so as to closely fit the specific vice encountered."  *Ringgold-Lockhart v. County of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) (internal quotation marks omitted).  Because the district judge did not explain why it imposed a broader restriction than the one recommended by the magistrate judge, we vacate the vexatious litigant order and pre-filing restriction, and remand for the district court to more narrowly tailor the order or explain why the broader order is justified.

We do not address Burkley's claims that his sentence was improperly enhanced with an unconstitutional prior conviction and that he received ineffective assistance of counsel because they are outside the scope of this appeal.

**VACATED and REMANDED.**